05 CV 6252

SOL:VVR:SR
(04)01158

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------
ELAINE L. CHAO, Secretary of Labor,    :
United States Department of Labor,
                                       :
                Plaintiff,                Civil Action File
                                       :
        v.                                No.
                                       :
GREEN AND GREEN PERSONNEL AGENCY          COMPLAINT
EMPLOYEE PENSION TRUST,                :

                Defendant.             :
-------------------------------------

    1.   This cause of action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., and is brought to enjoin acts and practices which violate the provisions of Title I of ERISA, and to obtain other appropriate equitable relief to redress violations and enforce the provisions of that Title pursuant to section 502(a)(5).

### Jurisdiction, Parties and Venue

    2.   Jurisdiction over this action is conferred upon the Court by section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

    3.   The Green and Green Personnel Agency Employee Pension Trust ("the Plan") is an employee benefit plan within the meaning of § 3(3) of ERISA, 29 U.S.C. § 1002(3). The Plan was sponsored by Green and Green Personnel Agency ("the Company"), an employer of employees covered by the Plan.

4.  The Office of the State Comptroller for New York State, Division of Unclaimed Funds ("New York State Comptroller"), is the custodian of the assets of the Plan.

5.  Venue for this action lies in the Southern District of New York where the Plan was administered, pursuant to § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## Factual Allegations

6.  Green and Green Personnel Agency LTD ("the Company"), which was located at 15 East 42nd Street, New York, New York 10017, was the plan sponsor for Green and Green Personnel Agency LTD Employee Pension Trust ("the Plan").

7.  Charles Green was the founder and owner of the company. On April 6, 1986, Charles Green died leaving a holographic will for which a Judgment Granting Probate and Construing the Will was entered by the Superior Court of New Jersey, Chancery Division, and filed on September 5, 1986.

8.  In relevant part, the will of Charles Green left the administration of the company to his co-worker John L. McFarlane. Further, ownership of the company was bequeathed to John McFarlane and another employee of the company, Joseph Costello.

9.  On February 12, 1987, John L. McFarlane died and, to the best of the Secretary's knowledge, information, and belief, Green and Green Personnel Agency LTD altogether ceased doing business sometime in 1987.

10. To the best of the Secretary's knowledge, information, and belief, at no time after the company ceased business

operations did any individual or entity take steps to ensure the continued administration or proper termination of the Plan, nor has any individual or entity taken fiduciary responsibility for the operation and administration of the Plan and its assets.

11. Since the company closed in 1987, participants and beneficiaries of the Plan have not been able to gain access to or information about their individual account balances.

12. The Plan has not been formally terminated.

13. To the best of the Secretary's knowledge, information, and belief, the Office of the Comptroller for the State of New York is currently holding assets of the Plan as abandoned property, with a value of approximately $9,000 as of January 24, 2005.

## Violations

14. Because of the facts and circumstances set forth in Paragraphs 6-13, above, the Plan does not have a named fiduciary or trustee with exclusive authority and discretion to manage and control its assets as required by ERISA § 402(a), 29 U.S.C. § 1102(a); and ERISA § 403(a), 29 U.S.C. § 1103(a); and there is no one other than this Court with the authority to appoint a new trustee.

15. Because of the facts and circumstances set forth in Paragraphs 6-13 above, participants are unable to access their account balances, either to reinvest them in other tax-qualified retirement savings vehicles before retirement, or to draw them down upon retirement. Because the basis upon which payments are made from the plan are not and cannot be specified without a

trustee, the plan exists in violation of ERISA § 402(b)(4), 29 U.S.C. § 1102(b)(4).

WHEREFORE, pursuant to section 502(a)(5) of ERISA, 29 U.S.C. § 1132(a)(5), plaintiff prays that the Court:

(1) Appoint an independent fiduciary to administer the Plan, and effectuate the distribution of Plan assets to the participants and beneficiaries and the Plan's termination; and,

(2) Provide such other relief as may be just and equitable.

DATED:   July 6, 2005
         New York, New York

                                    Respectfully submitted,

                                    /s/ Howard M. Radzely
                                    HOWARD M. RADZELY
                                    Solicitor of Labor

                                    /s/ Patricia M. Rodenhausen
                                    PATRICIA M. RODENHAUSEN
                                    Regional Solicitor

                                    /s/ Vivien V. Ranada
                                    VIVIEN V. RANADA
                                    Attorney
                                    VVR (0134)

POST OFFICE ADDRESS:                U.S. Department of Labor,
                                    Attorneys for Plaintiff.
Patricia M. Rodenhausen
Regional Solicitor
U.S. Department of Labor
201 Varick Street, Room 983
New York, New York 10014
Tel.(212) 337-2096
FAX (212) 337-2112

4